# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/11/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** William C. Davis and Sandra M. Davis

**Case Number:** 04-10461

### Document Information

**Description:** Application By Debtor Sandra M. Davis, Debtor William C. Davis To Employ Jacobvitz, Thuma & Walker, P.C.

**Received on:** 2004-01-23 16:49:24.000

**Date Filed:** 2004-01-23 00:00:00.000

**Date Entered On Docket:** 2004-01-23 00:00:00.000

### Filer Information

**Submitted By:** Robert Jacobvitz

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

WILLIAM C. DAVIS and
SANDRA M. DAVIS

Case No. 11-04-10461 SR
Chapter 11

Debtors.

**DEBTORS' APPLICATION TO EMPLOY
JACOBVITZ, THUMA & WALKER, P.C. AS COUNSEL**

The Debtors in Possession, William Davis and Sandy Davis ("Debtors"), pursuant to 11 U.S.C. §327(a), request that the Court approve their employment of Jacobvitz, Thuma & Walker, a Professional Corporation ("JTW") to represent Debtors as their counsel in this bankruptcy case, in all matters and proceedings in this bankruptcy case, in all other matters in which Debtors requires bankruptcy counsel, and in such other matters as Debtors may request of JTW and JTW may agree to perform. In support of this Motion ("Motion"), Debtors state:

    1.    On January 23, 2004 (the "Petition Date"), Debtors commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, Debtors have retained possession of their assets, as Debtors in Possession, and are continuing to operate their business.

    2.    Debtors wish to employ JTW as counsel in this bankruptcy case, in all matters and proceedings in this bankruptcy case, in all other matters in which Debtors requires bankruptcy counsel, and in such other matters as Debtors may request of JTW and JTW may agree to perform. JTW is qualified to represent Debtors as debtors in possession in this case.

    3.    In general, the professional services JTW is to render are:

(a) To represent and render legal advice to Debtors regarding all aspects of conducting this bankruptcy case, including, without limitation: the continued operation of Debtors' business, meetings of creditors, claims objections, adversary proceedings, plan confirmation, and all hearings before this Court;

(b) To prepare on behalf of Debtors necessary petitions, answers, motions, applications, orders, reports and other legal papers, including Debtors' plans of reorganization and disclosure statement and any amendments or modifications thereto;

(c) To assist Debtors in taking actions required to effect reorganization under chapter 11 of the Bankruptcy Code;

(d) To perform legal services necessary or appropriate for Debtors' continued operation of their business; and

(e) To perform any other legal services for Debtors as Debtors deem appropriate and JTW agrees to perform. The scope of JTW's services does not include rendering advice in certain areas outside the bankruptcy area, such as in the areas of taxation, federal or state securities law, personal injury torts, environmental law, labor law, and criminal law, except as mutually agreed between Debtors and JTW on a matter by matter basis.

4. To the best of Debtors' knowledge, information and belief, JTW has no connection with Debtors, their creditors or any other party in interest or their respective attorneys, other than any connections set out in JTW's disclosure filed pursuant to Bankruptcy Rules 2014 and 2016 filed with this Motion.

5. JTW attorneys who may perform legal services for Debtors include: Robert H. Jacobvitz whose hourly rate is $190.00; and David T. Thuma and Thomas D. Walker whose hourly rates are $170.00, and Stephanie Schaeffer whose hourly rate is $110. Any other attorneys who

may be employed by JTW will be billed at their regularly hourly rates; legal assistants will be billed at $60 per hour; and any persons retained by JTW on a contract basis to perform legal work will be billed at $110 per hour.

6. JTW itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, computerized legal research, deposition expenses and expert witness fees, all at JTW's actual cost, and telecopy charges ($.15 per page) and photocopying ($.10 per page). JTW also charges applicable gross receipts tax on fees and costs.

7. JTW will render statements to Debtors on a monthly basis. Debtors seek authority from the Bankruptcy Court to pay JTW, on a monthly basis upon receipt of JTW's billing statements and prior to the Court's determination of the allowability of JTW's compensation, up to 75% of billed fees and 100% of billed costs and gross receipts tax, to be paid from funds of the estate. All fees, costs and gross receipts tax paid on a monthly basis or otherwise (including the hourly rates charged) would be subject to ultimate approval of the Bankruptcy Court under Bankruptcy Code §§ 328, 330 and 331. JTW's fee applications will contain a detailed statement showing services performed by JTW for compensation received. JTW will file fee applications at least approximately every 180 days.

8. Shortly before filing the petition, JTW received a retainer in the amount of $10,000.00. The chapter 11 filing fee of $839.00, and $2,654.52 of fees for pre-petition services, were paid from the retainer, leaving a retainer balance of $6,506.48. JTW is informed and believes that all money it has received from the Debtors had been from the Debtors' funds. Debtors requests that the payment of such retainer be approved, and that JTW be authorized to apply the retainer to the compensation Debtors are authorized to pay JTW. All amounts paid by

the Debtors to JTW would be subject to ultimate approval of the Bankruptcy Court under Bankruptcy Code §§ 328, 330 and 331.

9. Debtors request that JTW's employment be made effective as of the date of filing of this motion.

WHEREFORE Debtors request approval of the Court to employ JTW as their counsel pursuant to 11 U.S.C. § 327(a), effective as of the date of filing of this motion; and to make interim payments to JTW prior to allowance of compensation, as described above.

JACOBVITZ, THUMA & WALKER,
a Professional Corporation


By: s/filed electronically
 Robert H. Jacobvitz
 500 Marquette N.W., Suite 650
 Albuquerque, N.M. 87102
 (505) 766-9272
 (505) 722-9287 (fax)
Attorneys for the Debtors in Possession

This certifies that a copy of
the foregoing document was served
by first class mail on January 23, 2004 to:

United States Trustee
P.O. Box 608
Albuquerque, NM 87103

s/filed electronically
Robert H. Jacobvitz